Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3135 | **DATE** | 9-5-12 |
| **CASE TITLE** | Maurice Murphy (#20792-424) vs. Federal Bureau of Prisons, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders the FCI Oxford officials to deduct $10.25 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of inmate trust fund accounts at the FCI Oxford, Oxford Wisconsin. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies) and to show cause in writing why his complaint should not be dismissed as time-barred. Failure to comply with this order within thirty days of the date of this order will result in summary dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■[For further details see text below.]  *Docketing to mail notices.*

## STATEMENT

    Plaintiff, a federal prisoner at FCI Oxford, in Oxford, Wisconsin, has brought this *pro se* civil action. In his complaint, Plaintiff alleges that as an inmate at the Metropolitan Correctional Center in Chicago, Illinois, from December of 2009, to February 10, 2010, he received inadequate medical care for a sinus infection. He alleges that on release on February 10, 2010, he attempted to receive medical care from Defendant Provident Hospital in Chicago, where he was prescribed antibiotics and told to return after completing the course of medication if the symptoms persisted or got worse. Plaintiff alleges that the pain spread from his nose to his ears and he suffered loss of hearing in his left ear. When Plaintiff returned to Provident Hospital, he was told that for additional treatment he would have to be referred to a specialty clinic at Stroger Hospital. Plaintiff went to Stroger Hospital (which he also names as a Defendant) on May 10, 2010, to assess the damage to his hearing, and was treated with steroids. He returned on August 30, 2010, when he was told that his hearing loss would be permanent. Plaintiff sues the Federal Bureau of Prisons, the Metropolitan Correctional Center, Warden Thomas, Dr. Harvey, Provident Hospital, Cook County, and John Doe Doctors.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.25. The inmate trust office at FCI Oxford is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Oxford inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees and Plaintiff's complaint is deficient for several reasons. Initially, it is unclear whether Plaintiff is intending to pursue claims of deliberate indifference under 42 U.S.C. § 1983 (as to Federal Bureau of Prisons, Metropolitan Correctional Center, Warden Thomas, and Dr. Harvey), under the Federal Tort Claims Act (FTCA), or as an action pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). However, it would appear that Plaintiff's claims are time-barred under either of these theories. Any Section 1983/*Bivens* claims have a two year statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). Thus, Plaintiff would have had to have filed suit, at the latest, by February 10, 2012. Plaintiff did not file the instant suit until April 27, 2012, thus to the extent Plaintiff is pursuing a *Bivens* action, it would appear to be time barred.

As to a claim under the FTCA, "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). Section 2401(b) requires the claimant both to file the claim with the agency within two years after accrual of the claim and then to file a complaint in the District Court within six months after the agency denies the claim. *Schuler v. United States*, 202 U.S. App. D.C. 199, 628 F.2d 199, 201 (D.C. Cir. 1980). This interpretation of Section 2401(b) has been uniformly followed in subsequent cases and there is no legal precedent for holding otherwise. *See, e.g., Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004); *Willis v. United States*, 719 F.2d 608 (2d Cir. 1983); *State Farm Ins. Co. v. United States*, 6 F. Supp. 2d 985, 986-87 (N.D. Ill. 1998). Plaintiff attaches exhibits to the complaint, but none is a claim filed with the Federal Bureau of Prisons. It would appear that Plaintiff failed to timely file a claim, and, based on the dates provided by Plaintiff, any claim would appear to be time-barred. Accordingly, Plaintiff must show cause in writing why his complaint should not be dismissed as time-barred.

Additionally, Plaintiff has failed to state a cause of action against any suable entity and must submit a proposed amended complaint. With respect to Warden Thomas and Dr. Harvey, Plaintiff has alleged no facts suggesting their direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at their direction or with their knowledge and consent. *Id.* Section 1983/*Bivens* create a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Accordingly, Plaintiff has failed to state a claim against them.

Rule 8(a) of the Federal Rules of Civil Procedure requires the complaint to contain: (1) a short and plain statement of the basis for the court's jurisdiction; (2) a short and plain statement of the plaintiff's basic claims, and (3) a demand for the relief sought. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (2004). So to the extent Plaintiff wishes to pursue his claim against either of these Defendants, he must adequately plead to give them sufficient notice of the claims he is making against them.

As to Federal Bureau of Prisons and MCC, neither is a suable entity in a *Bivens* action. The United States (and its agencies) is not a proper defendant under *Bivens*. "The point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States." *Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct.

# STATEMENT

996, 127 L. Ed. 2d 308 (1994); *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Accordingly, Defendants Federal Bureau of Prisons and MCC are dismissed from the complaint.

Finally, with respect to the Provident Hospital Defendants, they are not state actors and are consequently not suable under *Bivens*. The Civil Rights Act, 42 U.S.C. § 1983, is the federal counterpart to a *Bivens* action. *See, e.g., Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004). To state a claim pursuant to 42 U.S.C. § 1983, Plaintiff must allege: (1) the conduct complained of was committed by a person acting under color of law and (2) the conduct deprived him of a right secured by the Constitution or laws of the United States. *See Estate of Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). Two circumstances have been recognized by the Court in which a Defendant may be found to act under color of state law. First, when the state has cloaked the Defendant in some degree of authority, normally through employment or some other agency relationship. *See Case*, 327 F.3d at 567. The second, when the Defendant has conspired or acted in concert with state officials to deprive a person of his civil rights. *See Case*, 327 F.3d at 567. As Provident Hospital and any of the John Doe doctors that treated Plaintiff there are not state actors, consequently, they are not proper Defendants.

In summary, Plaintiff is granted thirty days to show cause in writing why his complaint should not be dismissed as time-barred as to Warden Thomas and Dr. Harvey under either *Bivens* or the FTCA, and to submit a proposed amended complaint adequately giving a proper Defendant sufficient notice of the claim against him pursuant to Fed. R. Civ. P. 8(a). The Clerk is directed to forward to Plaintiff an amended complaint form and instruction. Plaintiff's failure to comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.